UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

     v.                                                Case No.: 1:23-cr-00338-JEB-1

MICHAEL MARROQUIN,
        Defendant.

**DEFENDANT'S REPLY TO GOVERNMENT'S OPPOSITION TO
<u>MOTION TO STAY PROCEEDINGS</u>**

COMES NOW, the defendant, MICHAEL MARROQUIN, by and through counsel and files this reply to the government's opposition to his motion to stay proceedings.

### I. Introduction

On December 22, 2023, Mr. Marroquin filed a motion seeking a stay of these proceeding predicated on the United States Supreme Court's grant of *certiorari* in *Fischer*. On December 26, 2023, the government filed its opposition. Essentially, the government relies on *Nken v. Holder*, 556 U.S. 418 (2009) arguing Mr. Marroquin cannot meet the standard for the granting of a stay. For the reasons below, the government's reliance on *Nken* is misplaced and this Honorable Court should exercise its inherent authority to grant the stay.

### II. Argument.

#### *Nken* is Not Applicable to The Case at Bar.

In arguing against the granting of a stay of these proceeding the government relies on *Nken v. Holder,* 556 U.S. 418 (2009). Government Opposition, p. 2. The Supreme Court in *Nken* addressed a question stemming from changes in judicial review of immigration

procedures brought on by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), 110 Stat. 3009–546, which substantially amended the Immigration and Nationality Act (INA), 8 U. S. C. §1101 *et seq*. *Nken,* at 418. It involved the review of whether a court should grant a stay of a deportation order while the matter is under appellate review.  This is not the case at bar.

In the case at bar, unlike the situation confronted in *Nken*, Mr. Marroquin has not been convicted or held responsible for any violation of law.  His request is for this court to stay these proceeding pending the resolution of the applicability of 18 U.S.C. 1512(c)(2) to his alleged conduct on January 6, 2021.  In *Nken* a judicial determination was made that petitioner was to be deported.  Again, the same cannot be said in the instant case.  Mr. Marroquin's goal here is to prevent the unnecessary consumption of resources that would certainly occur in the event he was to be tried and convicted of a crime that the *Fischer* court may ultimately invalidate.

A stay would protect both his Fifth Amendment right to due process, and his Sixth Amendment right to effective legal representation.  The government's opposition fails to address the uncertainty created by the granting of review in *Fischer* on Mr. Marroquin's Constitutional right to due process.  Nor does it make any effort to address *Fisher's* impact on plea negotiations.  Both are strong reasons why this court should grant Mr. Marroquin's request.

### III.     Conclusion

Based on the foregoing arguments and authorities, and those previously made this Court is respectfully urged to stay these proceedings until a resolution of the *Fischer* matter before the United States Supreme Court.

I ASK FOR THIS

MICHAEL MARROQUIN
By Counsel
_____/s/_____
Robert L. Jenkins, Jr., Esq.
Bynum & Jenkins Law
U.S. District Court Bar No.:  CO0003
1010 Cameron Street
Alexandria, Virginia 22314
(703) 309 0899 Telephone
(703) 549 7701 Fax
RJenkins@BynumAndJenkinsLaw.com
Counsel for Defendant MICHAEL MARROQUIN

### Certificate of Service

I hereby certify that I caused a true and accurate copy of the foregoing to be served on all counsel of record via ECF on this December 26, 2023.

_____/s/_____
Robert L. Jenkins, Jr., Esq.
Bynum & Jenkins Law
U.S. District Court Bar No.:  CO0003
1010 Cameron Street
Alexandria, Virginia 22314
(703) 309 0899 Telephone
(703) 549 7701 Fax
RJenkins@BynumAndJenkinsLaw.com
Counsel for Defendant MICHAEL MARROQUIN