# Attachment 1

**FIRST CRIMINAL CHAMBER**

**Supreme Court Order: No. 259**

**Date : Sucre, May 06, 2011**

**Case File : No. 184/09**

**District : Cochabamba**

_____

IN VIEW OF: The Appeal for Cassation filed by the Public Defender for Children and Adolescents of Villa Tunari, Department of Cochabamba, Silvia Melgarejo de La Fuente (pages 503 to 507), contesting the Court Order of July 13, 2009 (pages 487 to 492) issued by the Third Criminal Chamber of the Superior Court of the Judicial District of Cochabamba, in the criminal proceeding filed by the Public Prosecutor's Office, the Office for the Public Defender of Children and Adolescents of Villa Tunari of the Department of Cochabamba, and Private Attorneys: Rosario Escobe Moscoso and Florencio Rocha Córdova against Michael Gerard Marroquin, for the crimes of Rape of Children and Adolescents and Human Trafficking, provided for and sanctioned by Articles 308 Bis and 281 of the Penal Code, the background of the proceeding, and;

WHEREAS: Trial Court No. 2 of Villa Tunari, in the city of Cochabamba, issued Judgment No. 04/2008 of July 20, 2008 (pages 417 to 421), which declared defendant Michael Gerard Marroquín, principal offender and guilty of the commission of the crime of Rape of a Child or Adolescent of minors Geidy Rocha Esobe and Jhoana Baldelomar, provided for and sanctioned by Article 308 Bis of the Penal Code, with the aggravating circumstance provided for in paragraph 4) of Article 310 of the same legal provision, and guilty of the commission of the crime of Human Trafficking and Smuggling of minor Roxana María Marroquín Da Silva, provided for and sanctioned by Article 281 Bis subsection d) of the Penal Code, and pursuant to the provisions of Article 45 of the Penal Code, seeing that two crimes were committed, the rule of the sanction with the most serious penalty shall be applied, in application of the provisions of Article 365 of the Code of Criminal Procedure, issued a conviction sentence against him, as the evidence produced in the trial was sufficient for the Court to acquire the full conviction of his responsibility, imposing upon him a sentence of twenty-five years of imprisonment, without the right to parole, a sentence that he must serve in the "San Sebastián" Prison for Men in the city of Cochabamba, with costs in favor of the State and the victims, once the sentence becomes enforceable; against this judgment, defendant Michael Gerard Marroquin filed a Restricted Appeal (pages 429 to 443 and back page), and by Court Order of July 13, 2009 (pages 487 to 492) issued by the Third Criminal Chamber of the Superior Court of the Judicial District of Cochabamba, the Judgment was totally annulled and the reinstatement of the trial by another Trial Court of was ordered; Court Order that is now appealed in Cassation.

WHEREAS: From the exhaustive study and analysis of the process, and in order to resolve the aforementioned Appeal, the following is established:

APPLICABLE LEGAL DOCTRINE: Evidently, the Supreme Court Orders cited as contradictory precedents by the appellant today, have surpassed and modulated the jurisprudence contained in Supreme Court Order No. 131 of May 13, 2005, on which the Appealed Ruling is based, and in that sense, have established that, in criminal matters, the failure to meet deadlines does not entail the loss of jurisdiction, much less the nullity of the proceedings, but the delay of justice that merits the administrative or criminal liability of the negligent public officials.

Furthermore, the aforementioned contradictory precedents have clearly stated that for the invocation of absolute defects, it is necessary to specify with meridian precision the damage caused by a certain procedural action, without whose identification, it is not possible to evaluate and visualize the absolute defect in question, and consequently, the challenged procedural action does not constitute or configure an absolute defect in itself, for which it is possible to proceed to the annulment of said action.

Every citizen of the Plurinational State in the framework of Articles 115 paragraph I and II and 178 of the Political Constitution of the State, has the right to timely, effective, prompt, transparent and without delays, as well as proba, free, and fast protection, in this context, the accusatorial criminal process rather than being formalistic, it is solemn

and finalistic, the administrators of justice must constitutionalize their resolutions, applying the constitutional principles on the secondary positive regulations, taking into account more weighing than supposition, implementing these constitutional provisions in their resolutions.

In the case at hand, given the aforementioned jurisprudence and legal doctrine, it is advised that the Appealed Ruling was based on erroneous, contrary, and outdated jurisprudence and applicable legal doctrine, when considering that the delay in the reading of the Judgment after the three days following the issuance of the operative part, as provided for in Article 361 of the Code of Criminal Procedure, entailed the nullity of said Judgment and the reinstatement of the Oral Trial; even more so, if the defendant did not identify precisely in his Restricted Appeal, the extent of the damage that would have been caused to him by such procedural delay. Therefore, the Appealed Ruling should be annulled and a new Ruling should be issued in accordance with the aforementioned legal doctrine and the legal norms applicable to the specific case.

THEREFORE: The First Criminal Chamber of the Supreme Court of Justice of Bolivia, in application of the second paragraph of Article 419 of the Code of Criminal Procedure, hereby rules the challenged Ruling be left null and void, and determines that the Third Criminal Chamber of the Superior Court of the Judicial District of Cochabamba, dictate a new Ruling, without waiting for the Judge on duty, after a lottery, in accordance with the Applicable Legal Doctrine and the legal norms applicable to the specific case.

For the purposes of Article 420 of the aforementioned Code of Civil Procedure, forward photocopies of this Supreme Court Order to all the Superior Courts of the country, so that through each Presiding Judge, the Criminal Judges of the corresponding Judicial District may be informed of this resolution.

Reporting Clerk: Minister Dr. Jorge Monasterio Franco.

Be it registered, recorded, and returned.

**SALA PENAL PRIMERA**

**Auto Supremo: No. 259**

**Fecha : Sucre, 06 de mayo de 2011**

**Expediente : Nro. 184/09**

**Distrito : Cochabamba**

---

VISTOS: El Recurso de Casación interpuesto por la Defensora de la Niñez y Adolescencia de Villa Tunari, Departamento de Cochabamba, Silvia Melgarejo de La Fuente (fs. 503 a 507), impugnando el Auto de Vista de 13 de julio de 2009 (fs. 487 a 492) emitido por la Sala Penal Tercera de la Corte Superior del Distrito Judicial de Cochabamba, en el proceso penal seguido por el Ministerio Público, la Defensoría de la Niñez y Adolescencia de Villa Tunari del Departamento de Cochabamba, y los Acusadores Particulares: Rosario Escobe Moscoso y Florencio Rocha Córdova contra Michael Gerard Marroquin, por los delitos de Violación a Niño, Niña, Adolescente y Trata de Seres Humanos, previstos y sancionados por los arts. 308 Bis y 281 del Código Penal, los antecedentes del proceso, y;

CONSIDERANDO: Que, el Tribunal de Sentencia Nº 2 de Villa Tunari, de la ciudad de Cochabamba, emitió Sentencia Nº 04/2008 de 20 de julio de 2008 (fs. 417 a 421), que declaró al procesado Michael Gerard Marroquín, autor y culpable de la comisión del delito de Violación de Niño, Niña o Adolescente de las menores Geidy Rocha Esobe y Jhoana Baldelomar, previsto y sancionado por el art. 308 Bis del Código Penal, agravado por inciso 4) del art. 310 del mismo cuerpo legal, y culpable de la comisión del delito de Trata y Tráfico de Seres Humanos de la menor Roxana María Marroquín Da Silva, previsto y sancionado por el art. 281 Bis inciso d) del Código Penal, y en función del art. 45 del Código Penal, viendo que se cometieron dos delitos, se aplicará la norma de la sanción con la pena más grave, en aplicación de lo preceptuado por el art. 365 del Código de Procedimiento Penal, pronunció Sentencia Condenatoria en su contra, al haber resultado la prueba producida en el juicio, suficiente para que el Tribunal adquiera la plena convicción de su responsabilidad, imponiéndole en consecuencia la pena de veinticinco años de presidio, sin derecho a indulto, pena que deberá cumplir en el Penal de "San Sebastián" varones de la ciudad de Cochabamba, con costas a favor del Estado y de las víctimas, una vez que la Sentencia adquiera la calidad de ejecutoriada; contra esta Sentencia, el procesado, Michael Gerard Marroquin interpuso Recurso de Apelación Restringida (fs. 429 a 443 y vlta.), en cuyo mérito, por Auto de Vista de 13 de julio de 2009 (fs. 487 a 492) emitido por la Sala Penal Tercera de la Corte Superior del Distrito Judicial de Cochabamba, se anuló totalmente la Sentencia y se dispuso la reposición del juicio por otro Tribunal de Sentencia; Auto de Vista que ahora es recurrido en Casación.

CONSIDERANDO: Que, del estudio y análisis exhaustivo del proceso, y a fin de resolver el mencionado Recurso de Casación, se establece la siguiente:

DOCTRINA LEGAL APLICABLE: Como evidentemente, los Autos Supremos citados en calidad de precedentes contradictorios por la hoy recurrente, han superado y modulado la jurisprudencia contenida en el Auto Supremo Nº 131 de 13 de mayo de 2005, en el que se funda el Auto de Vista recurrido, y en ese sentido, han establecido que, en materia penal, el incumplimiento de plazos no acarrea la pérdida de competencia, menos la nulidad de lo actuado, sino la retardación de justicia que amerita la responsabilidad administrativa o penal de los funcionarios públicos negligentes.

Asimismo, los precedentes contradictorios mencionados, han deslindado claramente que para la invocación de defectos absolutos, es necesario que se especifique con meridiana precisión el agravio que se hubiere causado con determinada actuación procesal, sin cuya identificación, no es posible valorar y visualizar el defecto absoluto en cuestión, y en consecuencia, la actuación procesal impugnada no constituye ni configura un defecto absoluto en sí, por el que se pueda proceder a la anulación de dicho actuado.

Todo ciudadano del Estado Plurinacional en el marco de los arts. 115 parágrafo I y II y 178 de la Constitución Política del Estado, tiene derecho a la protección oportuna, efectiva, pronta, transparente y sin dilaciones, además de proba, gratuita y rápida, en este contexto el proceso penal acusatorio antes que formalista, solemne

es finalista, los administradores de justicia deben de constitucionalizar sus resoluciones, aplicando los principios constitucionales sobre las reglas positivas secundarias, tomando en cuenta mas ponderación que subsunción materializando estas disposiciones constitucionales en sus resoluciones.

En el caso de autos, dada la jurisprudencia y doctrina legal mencionadas, se advierte que el Auto de Vista recurrido se sustentó en errónea, contraria y desactualizada jurisprudencia y doctrina legal aplicable, al considerar que la demora en la lectura de Sentencia después de los tres días posteriores al pronunciamiento de la parte dispositiva, como prevé el art. 361 del Código de Procedimiento Penal, conllevaba la nulidad de dicha Sentencia y la reposición del Juicio Oral; más aún, si el procesado no identificó con precisión en su Recurso de Apelación Restringida, la trascendencia del agravio que se le habría causado con tal mora procesal. Por lo que debe dejarse sin efecto el Auto de Vista recurrido, y disponer que se dicte nuevo Auto de Vista conforme a la doctrina legal mencionada y a las normas legales aplicables al caso concreto.

POR TANTO: La Sala Penal Primera de la Corte Suprema de Justicia de Bolivia, en aplicación del segundo parágrafo del artículo 419 del Código de Procedimiento Penal, DEJA SIN EFECTO el Auto de Vista impugnado, y determina que la Sala Penal Tercera de la Corte Superior del Distrito Judicial de Cochabamba, dicte un nuevo Auto de Vista, sin espera de turno y, previo sorteo, conforme a la Doctrina Legal Aplicable y a las normas legales aplicables al caso concreto.

Para fines del artículo 420 del Código Adjetivo citado, remítase por Secretaría de Cámara fotocopias del presente Auto Supremo a todas las Cortes Superiores del país, para que por intermedio de cada Presidente se haga conocer a los Jueces Penales del Distrito Judicial correspondiente la presente resolución.

Relator: Ministro Dr. Jorge Monasterio Franco.

Regístrese, hágase saber y devuélvase.

Atachment (2)

## CERTIFICATE OF TRANSLATION

I, __Jorge Mejia__, certify that I am competent to translate this document, and that the translation is true and accurate, to the best of my abilities. Archival seals, stamps, and certifications have not been translated here.

English Title: __Various__

Title: __Varios__

I certify under penalty of perjury, pursuant to 28 U.S.C. 1746, that the attached translation is true and correct.

Executed this __17th__ day of __November__, 20 __22__.

_____
Signature

**Atachment (2) - Certificate of Translation**