IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Case No.:  1:23-cr-00338-JEB |
| | : | |
| MICHAEL MARROQUIN, | : | |
| Defendant. | : | |

## DEFENDANT'S AMENDED MEMORANDUM IN AID OF SENTENCING

Pursuant to Section 6A1.2 of the *Federal Sentencing Guidelines* the defendant, MICHAEL

MARROQUIN, comes now and submits the following:

**I.      Objections to Presentence Report**

Mr. Marroquin does not object to any of the factual assertions in the report.

**II.      Sentencing Factors**

A sentencing court is required to consider the guidelines ranges, *see* 18 U.S.C.A 3553(a)(4)

(Supp. 2004), but is permitted to tailor the sentence considering other statutory concerns as well.

Specifically, 18 USC 3553(a) notes:

> The court shall impose a sentence **sufficient, but not greater than necessary,** to
> comply with the purposes set forth in paragraph (2) of this subsection.  The court,
> in determining the particular sentence to be imposed, shall consider—
>
> (1)      the nature and circumstances of the offense and the history and
> characteristics of the defendant;
>
> (2)      the need for the sentence imposed—
>
> (A)      to reflect the seriousness of the offense, to promote respect
> for the law, and to provide just punishment for the offense;
>
> (B)      to afford adequate deterrence to criminal conduct;
>
> (C)      to protect the public from further crimes of the defendant;
> and
>
> (D)      to provide the defendant with needed educational or
> vocational training, medical care, or other correctional
> treatment in the most effective manner;
>
> (3)      the kinds of sentences available;
>
> (4)      the kinds of sentence and the sentencing range established for—
>
> (A)      the applicable category of offense committed by the
> applicable category of defendant as set forth in the

guidelines issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, and that are in effect on the date the defendant is sentenced; or

(B)    in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code;

(5)    any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(2) that is in effect on the date the defendant is sentenced;

(6)    the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7)    the need to provide restitution to any victims of the offense.

The Supreme Court has described the process for imposing a sentence under the advisory sentencing guidelines as follows:

> [A] district court should begin all sentencing proceedings by correctly calculating the applicable [United States Sentencing] Guidelines range. As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark. The Guidelines are not the only consideration, however. Accordingly, after giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the [18 U.S.C.] §3553(a) factors to determine whether they support the sentence requested by a party. In so doing, he may not presume that the Guidelines range is reasonable. He must make an individualized assessment based on the facts presented. If he decides that an outside-Guidelines sentence is warranted, he must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance…[A] major departure should be supported by a more significant justification than a minor one. After settling on the appropriate sentence, he must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing.

*Gall v. United States,* 128 S.Ct. 586, 596-97 (2007)(citations and footnote omitted; *see also Kimbrough v. United States*, 128 S.Ct. 558, 569-70 (2007).

2

### A.  Advisory Sentencing Guidelines

The defendant is a criminal history category I.  His adjusted offense level is 6.  The advisory guideline range is 0-6 months.

### B.  § 3553(a) Sentencing Factors

In addition to considering the advisory sentencing range recommended under the federal sentencing guidelines, and statutory restrictions this Honorable Court must also consider the sentencing factors set forth in § 3553(a).  The defendant submits an application of these factors to the case at bar leads to the conclusion that a probationary sentence would be sufficient and not greater than necessary.

### 1.  History and Characteristics of The Defendant

The presentence investigative report summarizes Mr. Marroquin's background.  He is a criminal history category I.  Mr. Marroquin is a 64-year-old male.  He resides in Texas where he has lived for most of his adult life.  He is divorced and the father of an adopted daughter.  Both of his parents are deceased, and he is one of twelve siblings.  His family is largely aware of the instant matter and remain supportive.

A review of the presentence investigative report reveals Mr. Marroquin's significant health challenges. Paragraphs 61-63 of the report details his numerous past surgeries, and current health condition.  He has been diagnosed with Systemic lupus erythematosus (SLE) and has been disabled since the age of 29.  Mr. Marroquin's health issues have contributed to his difficulties maintaining employment.

3

During the last twelve years Mr. Marroquin has been self-employed.  His income level is modest.  Much of his work history is in retail sales.    Given his age and disabled status, it does not appear he would benefit from vocational training.

Mr. Marroquin has struggled with substance abuse in the past.  He reports experimenting with cocaine and abusing alcohol.  However, he has enjoyed sobriety for the last 30 years.  Therefore, it appears he is not in need of substance abuse treatment or counseling.

In addressing the goal "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner," there is no need to incarcerate Mr. Marroquin.  *See* § 3553(a)(2)(D).   He does not appear to have any special needs in which incarceration would serve in a more effective manner that could be addressed while free in the community.


## 2.  Nature of the Offense

The is no doubt that the nature of the offense is a serious one.  Again, Mr. Marroquin fully acknowledges the nature of his offenses.  He entered pleas of guilty and embraces the statement of offense filed in conjunction with her plea agreement with the government.  The events of January 6, 2021, were disturbing to our nation.  Mr. Marroquin understands that he unfortunately played a role in the events.

Mr. Marroquin, like millions of Americans, became convinced that the results of the 2020 presidential elections were the result of fraud.  This belief was fueled by Congressional leaders and the President of the United States.  Driven by this belief, Mr. Marroquin travelled to Washington, District of Columbia.  He joined other and entered the Capitol sometime after the initial breach.  While in the building Mr. Marroquin did not possess any weapons.  He also did not

assault any law enforcement officers. He acknowledges his conduct included encouraging other participants to move further into the Capitol. Beyond doing so, no one was injured as a direct consequence of his actions.

On January 6, 2021, Mr. Marroquin, along with nearly 40,000 other participants, at the direction of President Donald J. Trump went to the Capitol. This Honorable Court is all too familiar with what would soon follow. It is noteworthy that Mr. Marroquin did not assault any member of law enforcement. He entered the Capitol after others had caused the breach. Nor did Mr. Marroquin use any weapons.

Although the government may suggest otherwise, there is nothing particularly aggravating about his conduct on January 6, that would warrant a period of incarceration. Unlike many who participated in the demonstration he did not bring, possess, or use any weapons. There is no evidence of him physically assaulting members of law enforcement. Individually and collectively these factors support a sentence of probation, not incarceration.

### 3. Need to Deter

Since his arrest Mr. Marroquin has been on pretrial supervision. He remains under restrictions imposed by this Court. During that time, he has not been subject to any new arrest. He has complied with all conditions. The restraints on his liberty have been consequential. It provides more than adequate specific deterrence for Mr. Marroquin.

Beyond specific deterrence this Court must also account for general deterrence. Even under this analysis no period of incarceration is warranted. As the Court knows, Mr. Marroquin is not the only individual prosecuted for his involvement on January 6. More than 1,000 individuals have been arrested. This fact alone serves as a deterrence to the public. Some have

received lengthy prison sentences. Lives have been disrupted. There is no reason to believe that imposing a prison term on Mr. Marroquin would do anything more to deter the public from committing similar offenses.  The world is on notice that such conduct will lead to serious consequences.

### 4.     Need to Avoid Unwarranted Disparities

This Honorable Court must remain mindful of the need to avoid unwarranted disparities between similarly situated defendants.  While the advisory guidelines often provide some guidance, they do not apply to this case.  Mr. Marroquin's convictions are misdemeanors.  In determining an appropriate sentence Mr. Marroquin urges this Honorable Court to examine and consider other sentences imposed on defendants convicted of criminal offenses connected with January 6.

Again, Mr. Marroquin is not before the Court on a felony conviction.  His offenses do not involve any acts of violence.  Considering his advanced age, health conditions, and consistent with the sentences imposed on other similarly situated January 6 defendants a sentence of probation is appropriate.

There is no legitimate reason to treat Mr. Marroquin significantly harsher than others who have been held accountable for their participation in the January 6 events.  Yes, Mr. Marroquin violated the law.  However, he did not physically attack any law enforcement officers.  He did not directly cause any bodily injury to any law enforcement officers.  He does not stand convicted of a conspiracy offense.  He did not possess or employ any weapons.

This Honorable Court understands many of those convicted of January 6 offenses possessed weapons.  Many employed pepper and bear spray.  Some offenders used other weapons

against law enforcement.  All these actions are far more serious transgressions than those performed by Mr. Marroquin.  His punishment should be reflective of his actions and should be imposed with an understanding of the treatment of others.

Mr. Marroquin offers the following similarly situated January 6 defendant for the Court's consideration:

Other Probationary Sentences

As the Court is undoubtedly aware, many defendants convicted of misdemeanor offenses have received probationary sentences.[1]  The common denominators between them appears to be (1) lack of evidence of any pre-planning; (2) no assaultive conduct; (3) no weapon possession; and (4) lack of criminal history.  Mrs. Marroquin squarely satisfies these criteria.  Upon information and belief, more than 80 similarly situated defendants have received probationary sentences.  Some have included periods of home incarceration and community service.  Mr. Marroquin submits his conduct warrants a similar outcome.

### C.    Recommended Sentence

---

[1] *See United States v. Anna Morgan-Lloyd*, Crim. No. 21-164 (RCL)(36 months probation); *United States v. Valerie Ehrke*, Crim. No. 21-097 (PLF)(36 months probation); *United States v. Danielle Doyle*, Crim. No. 21-324 (TNM)(2 months' probation); *United States v. Eliel Rosa*, Crim. No. 21-068 (TNM)(12 months probation); *United States v. Vinson, et al.*, Crim. No. 21-355 (RBW) (5 years probation); *United States v. Jacob Hiles*, Crim. No. 21-155 (ABJ)(2 years probation); *United States v. Sean Cordon*, Crim. No. 21-269 (TNM) (2 months probation); *United States v. John Wilkerson, IV*, Crim. No. 21-302 (CRC)(3 years probation); *United States v. Andrew Wigley*, Crim. No. 21-042 (ABJ)(18 months probation);; *United States v. Brandon Nelson and Abram Markofski*, Crim. No. 21-344 (JDB)(2 years probation); *United States v. Douglas Wangler and Bruce Harrison*, Crim. No. 21-365 (DLF) (2 years probation); *United States v. Jonathan Sanders*, Crim. No. 21-384 (CJN)(3 years probation); *United States v. Jennifer Parks*, Crim. No. 21-363 (CJN)(24 months probation); *United States v. Douglas Sweet*, Crim. No. 21-041(CJN)(3 years probation); and *United States v. Thomas Gallagher*, Crim. No. 21-041 (CJN)(2 years probation).

Mr. Marroquin submits a sentence of probation would satisfy the legitimate goals of sentencing. Such a sentence followed by a period of supervised release would be consistent with other sentence imposed in those convicted of criminal violations arising out of the January 6 events at the Capitol.

## III.    Conclusion

Wherefore the defendant, **MICHAEL MARROQUIN**, respectfully requests that this

Honorable Court sentence him to a period of probation.

I ASK FOR THIS:

_____/s/_____
Robert L. Jenkins, Jr., Esq.
United States District Court Bar No.: CO0003
Bynum & Jenkins Law
1010 Cameron Street
Alexandria, Virginia 22314
(703) 309 0899 Telephone
(703) 549 7701 Fax
RJenkins@BynumAndJenkinsLaw.com
Counsel for Defendant MICHAEL MARROQUIN

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and accurate copy of the foregoing to be served upon all counsel of record via ECF on December 3, 2024.

_____/s/_____
Robert L. Jenkins, Jr., Esq.
United States District Court Bar No.: CO0003
Bynum & Jenkins Law
1010 Cameron Street
Alexandria, Virginia 22314
(703) 309 0899 Telephone
(703) 549 7701 Fax
RJenkins@BynumAndJenkinsLaw.com
Counsel for Defendant MICHAEL MARROQUIN